IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER ALAN BALL, and CARRIE LEIGH BALL, husband and wife, Individually, and as the Parents and Natural Guardians of L.M.B., a minor,  Plaintiffs | : : : : |
| vs. | : : CIVIL NO. 1:CV-10-1028 : |
| TOWNSHIP OF SILVER SPRING, ANDREW BASSLER, WILLIAM BURGER, STEPHEN GRUNDEN,  Defendants | : : : |

*M E M O R A N D U M*

*I.      Introduction*

Plaintiffs, Walter and Carrie Ball, individually, and parents and legal guardians of LMB, brought this action under 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments.  This matter relates to a confrontation between law enforcement of Silver Spring Township, Cumberland County, Pennsylvania and plaintiff Walter Ball and his daughter that occurred at Cumberland Valley High School.  The defendants, Silver Spring Township, Officer Andrew Bassler, Officer William Burger, and Officer Stephen Grunden, have moved for summary judgment on the grounds of qualified immunity.

We will examine the motion under the well-established standard. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d. Cir. 2008). After careful review of the briefs and the record, we will grant the motion in part and deny it in part.

*II.      Background*

On August 27, 2008, defendant Ball, a middle-aged, white male, arrived at Cumberland Valley High School to pick up his daughter from cheerleading practice. (doc. 21 ¶¶ 1-3, 9.) While waiting in the parking lot, Mr. Ball picked up a lighter, which happened to resemble a firearm, from the passenger side floorboard and examined it to see if it would light. (doc. 21 ¶ 4-5.) At the same time, a teacher on a nearby sidewalk observed what he believed to be a man waiving a gun around the inside of a parked car. (doc. 21 ¶¶ 6, 9.) The teacher called 911. The 911 center dispatched the defendant police officers to "check the area of [Cumberland Valley High School] for a [white, middle aged] male with a gun...in the area of the swimming pool along the curb by the district office" inside a grayish to white car that may be a BMW. (doc. 21 ¶ 9.) Shortly thereafter, LMB entered Mr. Ball's car. (doc. 21 ¶ 12.)[1]

As Mr. Ball was leaving the parking lot, three police vehicles surrounded his car. (doc. 21 ¶ 14.) After exiting their vehicles, the officers drew their firearms, aimed them at Mr. Ball and LMB, and demanded that they get out of the car with their hands up. (doc. 21 ¶ 15.) After Mr. Ball and LMB exited the car with their hands raised, a police

---

[1] Mr. Ball's daughter was observed entering the vehicle by police officers and the teacher who called 911. LMB was leaving cheerleading practice at the time and was still in her uniform. (*See* doc. 21 ¶ 12-13.)

officer allegedly pressed Mr. Ball against the side of the car and handcuff him, while another officer pushed LMB to the ground and handcuffed her. (doc. 21 ¶ 16-18.) Mr. Ball and LMB were separated and placed in police cruisers while the officers searched Mr. Ball's car for weapons. (doc. 21 ¶ 20.) After determining that the alleged firearm was nothing more than a lighter, the police informed Mr. Ball that they "guess we can let you go," and then they removed the handcuffs (doc. 21 ¶ 22-23.)[2]

*III.        Discussion*

The doctrine of qualified immunity protects government officials from civil liability insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Ray v. Twp. of Warren*, 626 F.3d 170, 173 (3d Cir. 2010)(quoting *Pearson v. Callahan*, 55 U.S. 223, 129 S.Ct. 808, 815 (2009)). Courts conduct a two step analysis for a qualified immunity defense: whether law enforcement's acts violated a constitutional right, and if they did, whether that right was clearly established at the time. *Mierzwa v. United States*, 282 F.App'x 973, 978 (3d Cir. 2008)(citing *Yarris v. County of Del.*, 465 F.3d 129, 140-41 (3d Cir. 2006)). A constitutional right is "clearly established" when the "contours of the right [are] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Womack v. Smith*, No. 06-CV-2348, 2009 WL 5214966, at *4 (M.D. Pa. Dec. 29, 2009)(Conner, J)(quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034

---

[2] There is conflicting evidence on what followed after Mr. Ball was told "guess we can let you go." At some point after the handcuffs were removed from Mr. Ball and LMB, law enforcement either asked or ordered Mr. Ball to follow them to the police station, where they were later questioned or interrogated. (doc. 21 ¶¶ 24-25; doc. 29 ¶¶ 24-25.)

(1987). "Although qualified immunity is generally a question of law and should be considered at the earliest possible state, a genuine issue of material fact may preclude" dismissal on qualified immunity. *Zimmerman v. Schaeffer*, 654 F.Supp.2d 226, 252 (M.D. Pa. 2009)(Rambo, J)(citing *Curley v. Klem,* 298 F.3d 271, 278 (3d Cir. 2002). The Supreme Court eliminated the rigid two-step test required by *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151 (2001) and held that a court may choose which prong of the analysis to examine first. *Pearson,* 129 S.Ct. at 818.

The constitutional rights at issue in this case are Walter Ball and LMB's rights to be free from unlawful arrest and excessive force under the Fourth Amendment.

*A. Unlawful Arrest*

A police officer violates a person's right to be free from unlawful arrest when he arrests a person without probable cause. *Groman v. Twp. of Manalapan,* 47 F.3d 628, 634 (3d Cir. 1995). At trial, a plaintiff must demonstrate that "the police lacked probable cause" in order to prevail on a claim of false arrest. *Id.* "The proper inquiry...is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988); *Groman*, 47 F.3d at 634.

The existence of probable cause is an issue of fact. *Groman*, 47 F.3d at 635 (citing *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 191 (3d Cir. 1984)). "Probable cause exists whenever reasonably trustworthy information or circumstances

within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002)(citations omitted). Our analysis is based upon "the objective facts available to the officers at the time of the arrest." *Taylor v. City of Philadelphia*, 144 Fed. Appx. 240, 244 (3d Cir. 2005)(citation omitted). We must examine the totality of the circumstances in determining whether probable cause existed. *Taylor*, 144 Fed. Appx. at 244.[3]

Here, law enforcement had probable cause to believe that defendant Walter Ball was in possession of a firearm on school property. Police knew that a 911 call was placed from Cumberland Valley High School by an identified school teacher, indicating that a white, middle age man was in possession of a firearm and was waiving it around on the inside of a car. Furthermore, police knew that children and other individuals were located near the suspect's car. Moreover, officers knew that an individual wearing a cheerleader uniform was observed entering the vehicle and that the car was leaving school grounds. Viewing these facts and all inferences therefrom in favor of the plaintiff, the totality of circumstances demonstrate that police had probable cause to believe that Walter Ball was in possession of a firearm on school property. Given the situation before them, it was equally reasonable for law enforcement to conclude that LMB may have been either a victim of or an accomplice to Mr. Ball. Therefore, defendants Bassler,

---

[3] 18 Pa.C.S.A. § 912 makes it unlawful to possess a gun or other weapon on school property. Section 912(b) provides that "a person commits a misdemeanor of the first degree if he possesses a weapon in the buildings of, [or] on the grounds of...secondary public...institution."

Burger, and Grunden did not violate Mr. Ball or LMB's Fourth Amendment right by arresting them and then searching Mr. Ball's automobile. Since there was no constitutional violation, defendants Bassler, Burger, and Grunden are entitled to qualified immunity on this aspect of the unlawful arrest claim.

As to the later questioning at the police station, we conclude, based on the limited factual record before us, that factual disputes exist on whether Mr. Ball and LMB voluntarily went to the police station for questioning or whether they were involuntarily interrogated without probable cause.[4] Therefore, we will deny summary judgment on this claim without prejudice to defendants reasserting their defense at the close of discovery.

*B. Excessive Force*

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a "seizure" occurred and that it was unreasonable." *Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007)(quoting *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999)). A seizure occurs when an officer "restrains the freedom of a person to walk away." *Id.* Thus, there is no question that Mr. Ball and LMB were seized when Silver Spring Township police placed handcuffs on them and held them in separate patrol cars. The question that now remains is whether police officers

---

[4] We reject defendants' argument that law enforcement had probable cause to arrest Mr. Ball and LMB for disorderly conduct, and therefore the subsequent trip to the Silver Spring Township police station was supported by the evidence. *See* 18 Pa.C.S.A. § 5503 ("A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he ... (4) created a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.")

drawing of weapons and pointing them at the plaintiffs, and the later pushing LMB on the ground during handcuffing were reasonable under the Fourth Amendment.

> To that end, the Third Circuit has held:
>
> The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, the officers actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations.  Thus, if a use of force is objectively reasonable, an officer's good faith is irrelevant and any bad faith motivation on his part is immaterial.  Factors to consider in making a determination of reasonableness include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight.  A court in making a reasonableness assessment also may consider the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.

*Kopec v. Tate,* 361 F.3d 772, 776 -77 (3d Cir. 2004)(citations omitted); *see also Bergdoll v. City of York*, No. 08-CV-1879, 2011 WL 1601605, at *4 (M.D. Pa. Apr. 27, 2011)(Caputo, J).

When viewed in the light most favorable to plaintiffs, defendants Bassler, Burger, and Grunden use of force was reasonable under the circumstances.  As we indicated previously, law enforcement's initial seizure of Mr. Ball and LMB was reasonable and supported by probable cause.  The evidence also demonstrates that Mr. Ball was observed waiving an alleged firearm inside his car.  As he was doing this, Mr. Ball was near other people, including school students.  Given the volatile nature of an

7

armed individual on school property, it was reasonable for officers to conclude that they were entering a potentially violent situation. The officers could reasonably infer that Mr. Ball was on school property to cause mayhem, or potentially harm or kidnap a student. Under the circumstances and viewed with the police's belief that they were dealing with an armed individual, it was entirely reasonable for the officers to draw their firearms, handcuff both individuals, and search Mr. Ball's car for weapons. Since we view the seizure and use of force reasonable under the circumstances, defendants Bassler, Burger, and Grunden are entitled to qualified immunity on plaintiffs' excessive force claim.

*IV.        Conclusion*

Therefore, we will grant defendant Bassler, Burger, and Grunden motion for summary judgment on plaintiffs' excessive force and unlawful seizure claims, but only to those events that occurred at Cumberland Valley High School. We will deny the motion as it relates to events that occurred at the Silver Spring Township police station.

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER ALAN BALL, and CARRIE LEIGH BALL, husband and wife, Individually, and as the Parents and Natural Guardians of L.M.B., a minor, Plaintiffs | : : : | |
| vs. | : : : | CIVIL NO. 1:CV-10-1028 |
| TOWNSHIP OF SILVER SPRING, ANDREW BASSLER, WILLIAM BURGER, STEPHEN GRUNDEN, Defendants | : : : | |

*O R D E R*

AND NOW, this 13th day of June, 2011, upon consideration of defendants' motion for summary judgment (doc. 19), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendants' motion for summary judgment is granted in part and denied in part.

2. Defendant Bassler, Burger, and Grunden are immune from suit based on qualified immunity for plaintiff's' excessive force and unlawful seizure claims, but only to those events that occurred at Cumberland Valley High School.

3. All remaining aspects of defendants' summary judgment motion are denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge